UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 0 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal Action No. 05-0141 (ESH) |
| SAMUEL McKNIGHT, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Defendant Samuel McKnight entered a plea of guilty to possession with intent to distribute cocaine base and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). At sentencing on October 27, 2005, the Court imposed a sentence of 50 months' incarceration with two years' supervised release. This Memorandum Opinion sets forth the reasons for that sentence.

Pursuant to §§ 2D1.1(a)(3) and (c)(4) of the Guidelines, the base offense level is 32 because the offense included cocaine base (71.8 grams) and cocaine (36.6 grams) that, when converted to marijuana equivalency, produced 1,443.32 kilograms of marijuana. The offense level was reduced by two points because the defendant met the criteria for the safety valve under § 5C1.2 and § 2D1.1(b)(7) and an additional three points under § 3E1.1(b), for a total offense level of 27. Defendant has no prior criminal history and therefore his criminal history category is I. As agreed by the parties, the resulting Guidelines range is 70 to 87 months.

Following *United States v. Booker*, 125 S. Ct. 738 (2005), the Sentencing Guidelines are "effectively advisory." A court must consider Guidelines ranges, but is permitted "to tailor the sentence in light of other statutory concerns as well." *Id.* at 757 (citing 18 U.S.C. § 3553(a)).

Pursuant to § 3553, a court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

With respect to the nature and circumstances of the offense, it is significant that defendant's offense did not involve any violence or threatened violence. Second, with respect to the history and characteristics of the defendant, it is noteworthy that Mr. McKnight, despite being sixty-three years old, has never been arrested for any criminal offense, and until becoming disabled in 1972, he worked steadily as a laborer and as a waiter, including sixteen years at the U.S. House of Representatives. The Court is also impressed by Mr. McKnight's dedication to his family, although it would appear that it was because of his desire to help solve his daughter's severe financial difficulties that he engaged in this aberrant behavior. In addition, the Court is persuaded by the reasoning of Judge Friedman and others that the purposes of § 3553(a) are met through the use of a 1:20, crack-to-powder equivalency ratio, rather than a 1:100 conversion. *See, e.g.*, Sent. Trans. at 25:9-12, *United States v. Lewis*, Crim. No. 04-0430 (D.D.C. October 14, 2005) (Freidman, J.) ("I think that the sentence that one gets to in many crack cases...meets all of

those purposes [listed in § 3553(a)] if one uses the 20 to 1 ratio rather than the 100 to 1 ratio."); *United States v. Perry*, C.R. No. 04-089S, 2005 WL 2260196 (D.R.I. Sep. 16, 2005) (collecting cases and ultimately applying a 20:1 ratio). Applying that ratio to the facts of this case, Mr. McKnight's 71.8 grams of crack cocaine is equivalent to 1,436 grams of powder cocaine, resulting in a total of 1,472.6 grams of powder cocaine for sentencing purposes. Under the Guidelines, this places Mr. McKnight at a base offense level 23 with a Guideline range of 46 to 57 months.[1]

For these reasons, the Court has concluded that a twenty-month reduction below the Guideline range, along with three years of supervised release, is a "just punishment," and it adequately reflects the seriousness of the offense, promotes respect for the law and meets the goal of deterrence.

ELLEN SEGAL HUVELLE
United States District Judge

Date: October 31, 2005

---

[1] In arriving at this offense level, the Court has not applied the two-point reduction for the safety valve, but only a three-point reduction for acceptance of responsibility. While the Court gave defendant the benefit of the safety valve so that he would not be subject to a ten-year mandatory minimum, it decided not to factor this two-point reduction into the offense level but instead adjusted the offense level based on a 20:1 ratio between crack and powder. Any further offense level reduction for the safety valve was considered to be unnecessary based on the facts of the case.